IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON KING,<br><br>                            **Petitioner**,<br><br>v.<br><br>COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, et al.,<br><br>                            **Respondents.** | CIVIL ACTION NO. 22-3160 |

**ORDER**

Petitioner, who is *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2254, arguing that his state-court conviction was imposed in violation of the United States Constitution. The Petition was referred to Magistrate Judge Pamela A. Carlos, who has issued a Report and Recommendation ("R&R") that the petition be denied. Upon consideration of the R&R, the Court determines that Petitioner has not shown entitlement to relief and agrees with the R&R that Mr. King did not exhaust his claims in state court.

    Mr. King presented four claims in the Petition, and none of these claims have been fairly presented through one complete round of the state's appellate review process.[1] For a PCRA petition, this requires both presentation to the PCRA court and appeal to the Pennsylvania Superior Court.[2]

The four claims presented are ineffective assistance of counsel for: (1) not objecting to a witness stating he had previously been charged with the same crime; (2) not assisting Mr. King in obtaining evidence of his location at the time of the charged offenses; (3) not presenting

---

[1] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[2] *Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

exculpatory evidence of Mr. King's presence at New Start Rehabilitation at the time of the charged offenses; and (4) not filing a speedy trial motion pursuant to Pennsylvania Rule 600.

The R&R correctly concluded that the first and fourth claims were raised in a PCRA petition but were not pursued on appeal. The first and fourth claims were, therefore, not exhausted.

The R&R also correctly noted that the second and third claims were not presented to the state court in their current form, so they were not exhausted. Under the most liberal interpretation of Mr. King's claims, it could be argued that claims 2 and 3 raise claims brought in a counseled PCRA petition that argued counsel "failed to present sufficient and noteworthy alibi evidence regarding several of the periods during which said offenses with non-specific dates took place."[3] This claim did not specify alibi evidence that allegedly existed and did not name King's rehabilitation center. Even if claims 2 and 3 are substantially the same as the PCRA claim, Mr. King did not appeal the PCRA claim to the Superior Court, so it was not subject to one complete round of appellate review. Claims 2 and 3 were not properly exhausted in state court.

King's four claims were not fairly presented to the state court, the time to raise them has passed, and they are procedurally defaulted. The federal court is unable to review the claims.[4]

---

[3] Doc. No. 39, at 205.

[4] *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). Mr. King did not argue that cause and actual prejudice enables federal review of the claims because he did not acknowledge the default. *See Coleman v. Thompson*, 502 U.S. 722, 750 (1991).

**AND NOW,** this 2nd day of October 2025, upon consideration of the Report and Recommendation ("R&R") of the Honorable Pamela A. Carlos, it is hereby **ORDERED** that:

1. The R&R [Doc. No. 41] is **APPROVED** and **ADOPTED**; and

2. The Petition will be dismissed by separate order.

It is so **ORDERED.**

BY THE COURT:

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**
